**BANK OF NEW ENGLAND, N.A., Plaintiff,**

v.

**Margaret CVAR, Defendant.**

**No. 88 Civ. 6341 (MBM).**

United States District Court, S.D. New York.

Jan. 26, 1990.

Marc H. Rosenbaum, Sharfman, Shanman, Poret & Siviglia, P.C., New York City, for plaintiff.

Paul T. Shoemaker, Liddle O'Connor, Finkelstein & Robinson, New York City, for defendant.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendant Dr. Margaret R. Cvar[1] has moved pursuant to Fed.R.Civ.P. 60(b)(4) to be relieved from a default judgment entered against her on January 13, 1989. She claims the Court lacked personal jurisdiction over her because she was not properly served with process, and that the judgment therefore is void. For the reasons set forth below, the motion is denied.

### I

The underlying dispute concerns an account in defendant's name at plaintiff's bank. Plaintiff claimed in its complaint that defendant was credited mistakenly with $30,000 more than was rightly hers, and withdrew the money before the error could be corrected. After unsuccessful attempts to serve process by hand, plaintiff on or about October 11, 1988 attached a copy of the summons and complaint to the outside of the building where it believed defendant resided, and mailed the summons and complaint to defendant at that address, but did not include the acknowledgment of service and postage paid return envelope provided for in Fed.R.Civ.P. 4(c)(2)(C)(ii).[2] Apparently, plaintiff was at-

---

1. Defendant has averred that her true name is Margeaux R. Cvar. However, the dispute underlying this case concerns an account in the name of Margaret R. Cvar, the name in which defendant has been sued, and defendant, as will be seen later, corresponded with the Court using the name Margaret R. Cvar.

2. Fed.R.Civ.P. 4(c)(2)(C) provides, in relevant part, as follows:

   "A summons and complaint may be served upon a defendant ...

   (i) pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of the State, or

   (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with the two copies of a notice and acknowledgment ... and a return envelope, postage prepaid, addressed to the sender. If no acknowledgment of service under this subdivision of the rule is

tempting to effect service in a manner authorized under New York law, known popularly as "nail and mail," [3] and therefore permitted pursuant to Fed.R.Civ. 4(c)(2)(C)(i).

On November 17, 1988 plaintiff sent defendant at the same address a copy of a notice of conference with the Court scheduled for December 1, 1988 in Room 2704 of the Court House. Defendant neither appeared nor answered. In the last week of December 1988, the Court received the following letter:

December 21, 1988

Honorable Michael B. Mukasey
United States District Judge
Southern District of New York
United States Court House
Room 2704
Foley Square
New York, N.Y. 10007
Re: Case Number 88 Civ. 6341
Dear Judge Mukasey:

It has come to my attention through various forwardings of mail, including a summons and complaint, that I have been named as a defendant in a certain action commenced by the Bank of New England, which has been assigned to Your Honor. I would like to inform the Court that, upon advice of my attorneys, I have not been properly served in this action, among other reasons, because I had not resided at [the address to which process was sent] for some months at the time when the plaintiff attempted to serve me there.

Sincerely yours,

Dr. Margaret R. Cvar

The letter was signed, and arrived in a plain white envelope bearing no return address or other identifying mark. The Court provided a copy of the letter to plaintiff and signed a default judgment on January 11, 1989. That judgment was entered on January 13, 1989, and defendant filed this motion in November 1989.

## II

In *Lee v. Carlson*, 645 F.Supp. 1430 (S.D. N.Y.1986), *aff'd* 812 F.2d 712 (2d Cir.1987), Judge Weinfeld held that even when a plaintiff did not include the acknowledgment form and addressed prepaid return envelope with his service, that omission

> does not vitiate the effectiveness of the service because the court's holding in *Morse [v. Elmira Country Club*, 752 F.2d 35, 41 (2d Cir.1984)], that mail service is effective when the recipient receives the summons and complaint and accordingly has actual notice, clearly emphasizes that the effectiveness of the service depends on the receipt of the summons and complaint, not on the supplementary material to be signed and returned by the recipient which, by itself, establishes proof of service. Failure to include the acknowledgement form and envelope does not render the service ineffective. The defect can be cured by an admission, or other proof, that in fact the summons and complaint were received.

From defendant's letter to the Court, it appears that she received not only the summons and complaint but also, judging from the fashion in which the letter was addressed, in particular the specific reference to my courtroom, the notice of conference. Dr. Cvar apparently relied on the advice of a lawyer, not the one now representing her, that she could with impunity play hide-and-seek. She relied to her detriment. The motion is denied.

---

received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made [by personal service]"

3. CPLR § 308, par. 4, authorizes service as follows when personal service cannot with due diligence be effected:

"by affixing the summons to the door of the actual ... dwelling place or usual place of abode within the state of the person to be served and by ... mailing the summons to such person at his or her last known residence...."